IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10571
Summary Calendar
_____

AL BRIGHT, individually and as an
agent and stock holder of Horn-Williams
Ford; GINGER MILLER BRIGHT, individually
and as stock holder of Horn-Williams Ford,

                    Third Party Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY; FORD MOTOR CREDIT
COMPANY; BRUCE G. WEAVER, individually
and as an employee or agent of Ford Motor
Company,

                    Third Party Defendants,


FORD MOTOR COMPANY; FORD MOTOR CREDIT COMPANY,

                    Third Party Defendants-Appellees

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CV-1466-T
- - - - - - - - - -

January 26, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Al and Ginger Bright appeal the dismissal of their civil

rights actions under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown</u>

<u>Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

The Brights allege that Ford Motor Company and Ford Motor Credit Company, acting with off-duty members of the Dallas City Police Department and Joseph Colvin, a bankruptcy trustee, discriminated against them based upon their race.  The Brights argue that the district court erred in granting Appellants' motion for summary judgment because they did not have notice that summary judgment was sought on the issue of failure to allege the violation of a constitutional right and because summary judgment should have been denied based on the evidence in the record.  The Brights also allege that the district court erred by entering judgment on the jury's verdict on their claim under the Texas Deceptive Trade Practice Consumer Protection Act because it was inconsistent.

The Brights have failed to meet their burden of establishing that they received inadequate notice, that there is a genuine issue of material fact, or that the jury's verdict was inconsistent.  See FED. R. CIV. P. 56(e); Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092-93 (5th Cir. 1996); Alverez v. J. Ray McDermott & Co., 674 F.2d 1037, 1040 (5th Cir. 1982).

AFFIRMED.